SUMMARY ORDER
Compudirect, Inc. and Igor Abramovsky (collectively, “Compudirect”) appeal the order of the United States District Court for the Southern District of New York (Pres-ka, /), entered on June 3, 2008, granting the motion of Dell, Inc. (“Dell”) to issue a second order of civil contempt against Compudirect for failing to comply with the consent judgment of September 14, 2007 and the contempt orders of December 10 and 19, 2007.
Under the September 14, 2007 consent judgment and December 10 and 19, 2007 contempt orders, Compudirect was enjoined from purchasing, marketing, or selling Dell products and using Dell’s copyrights and marks, and required to list and turn over to Dell all Dell inventory in its possession. According to the June 3, 2008 contempt order, Compudirect had breached the consent agreement and December 2007 contempt orders by: (1) “posting ... 11 new auctions on the eBay auction website offering DELL produces] for sale under the names ‘liberator4sale’ and ‘Computerz N Dreamz’ (2) using Dell trademarks and copyrighted material; (3) failing to identify in its inventory list or turn over the Dell products Compudi-rect offered for sale on eBay; and (4) failing to pay Dell the liquidated damages and fees mandated by the district court in its December contempt orders.
In its appeal, Compudirect claims: (1) the district court abused its discretion by finding that there was clear and convincing evidence that Compudirect had violated the December contempt orders and (2) that Compudirect should not be further penalized for not making Dell damages and fees because it was impossible for Compudirect to pay. Compudirect provides an affidavit from Abramovsky stating that Compudirect does not “run, operate, control, or derive a benefit from any” of the activities of the liberator4sale or Com-puterz N Dreamz usernames. Compudi-rect also provides an affidavit from Vincent A. Golovanoff who claims that he, not Compudirect, conducts sales using the us-ernames of liberator4sale and Computerz N Dreamz and that he had not purchased Dell products from Compudirect since September 14, 2006. In addition, Compu-direct provides a print out of an eBay account information page indicating that the username liberator4sale is registered with Golovanoff. To support its claim of impossibility, Compudirect points to an affidavit of Dell’s counsel in which counsel states that Compudirect is a “small shop” and to an affidavit of Abramovsky stating that the net income of Compudirect in 2006 was $79,000 and that it does not own any of its own inventory but instead sells all products on commission. We assume the parties’ familiarity as to the facts, the procedural context, and the specification of appellate issues.
“This Court reviews the district court’s finding of contempt for abuse of discretion. However, review of a contempt order is more exacting than under the ordinary *34 abuse-of-discretion standard because a distinct court’s contempt power is narrowly circumscribed.” Paramedics Electromedicina Comercial Ltda. v. GE Med,. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir.2004) (internal quotation marks and citation omitted). “A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contem-nor has not diligently attempted to comply in a reasonable manner. It need not be established that the violation was willful.” Id. (internal quotation marks and citation omitted).
The district court did not abuse its discretion in finding that there was clear and convincing evidence that Compudirect violated the consent judgment and December contempt orders by continuing to sell Dell products on eBay under the user-names liberator4sale and Computerz N Dreamz. Although Compudirect provides affidavits from Abramovsky and Golovanov stating that the usernames were not affiliated with Compudirect and that Compudi-rect did not retain a benefit from the sales made by these usernames on eBay, Com-pudirect overlooks evidence that the user-names were affiliated with a Compudirect email address and that Dell products shipped from sales conducted under those usernames were marked with Compudi-rect’s address listed as the return address. Furthermore, the affidavits do nothing to controvert the statements of the Dell’s private investigator that someone named Igor spoke to him at Compudirect regarding his purchase from the liberator4sale user-name, mentioned Golovanov, and knew about the Dell products the investigator had purchased. While there is no direct evidence that this Igor was Igor Abramov-sky, the surrounding circumstantial evidence is sufficient to find that the district court did not abuse its discretion in determining that there was clear and convincing evidence that Compudirect violated the consent judgment and December contempt orders after December 19, 2007.
Furthermore, the district court did not abuse its discretion in finding that Compudirect was able to pay Dell damages, costs, and fees. “A civil contempt order is designed to be coercive rather than punitive. Accordingly, a party’s complete inability, due to poverty or insolvency, to comply with an order to pay court-imposed monetary sanctions is a defense to a charge of civil contempt.” Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir.1995) (citation omitted). The burden of establishing an inability to pay is on the contemnor, and he must establish this inability “clearly, plainly, and unmistakably.” Id. “[T]he credibility of his denial is to be weighed in the light of his present circumstances. Conclusory statements are inadequate to carry this burden.” Id. (internal quotation marks and citation omitted).
Abramovsky claims that the net income of Compudirect in 2006 was $79,000. However, Abramovsky does not dispute the finding of the district court that Dell provided Compudirect with at least $246,000 worth of Dell products. Moreover, Abramovsky provides no support for his claim that Compudirect netted no more than $79,000 in 2006, and even if that were true, this does not refute the claim that Compudirect has enough assets to pay damages, costs, and fees to Dell. The district court did not abuse its discretion in finding that Compudirect was able to pay damages to Dell in the amount specified by the district court.
Accordingly, for the reasons set forth above, the order of the district court is AFFIRMED.